NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

NOV 29 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 15-10430 |
| Plaintiff-Appellee, | D.C. No. 4:14-cr-01069-JAS-BGM-1 |
| v. | |
| ROGELIO SANCHEZ MOLINAR, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Arizona
James Alan Soto, District Judge, Presiding

Argued and Submitted September 14, 2016
Resubmitted November 29, 2017
San Francisco, California

Before: W. FLETCHER, CHRISTEN, and FRIEDLAND, Circuit Judges.

Rogelio Sanchez Molinar pled guilty to two counts of possession of

ammunition by a prohibited possessor and now challenges his sentence. We

resolve his challenge to the district court's application of an enhancement based on

a prior conviction for a crime of violence. Molinar also contends that the district

court erred by failing to conduct the "relevant conduct" analysis required by U.S.

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

Sentencing Guidelines Section 5G1.3 to determine whether his federal sentence should have run concurrently with his state sentence for trafficking in stolen property. He further contends that his sentence was substantively unreasonable because the district court did not credit the time he had served on his state court sentence. We affirm.

Contrary to Molinar's assertions, "relevant conduct" for the purposes of Section 5G1.3(b) does not generally mean all conduct that was part of a common scheme. That section defines "relevant conduct" through reference to Section 1B1.3(a)(1)-(a)(3). *See* U.S. SENTENCING GUIDELINES MANUAL § 5G1.3(b) (U.S. SENTENCING COMM'N 2014). The conduct underlying Molinar's state conviction, which was based on his sale of other types of stolen property, does not qualify as relevant conduct to his ammunition possession offenses under any of these definitions.

Section 1B1.3(a)(2)'s "same course of conduct or common scheme" language only comes into play if Section 3D1.2(d) would require grouping of multiple counts. Section 3D1.2 provides that "counts [that] involv[e] substantially the same harm shall be grouped together." Although this section would require grouping trafficking in stolen property offenses and would also require grouping firearms and ammunitions offenses, there is no indication that these two types of offenses would be grouped together under 3D1.2(d) because the types of harm are

2

not the same. *See United States v. Nanthanseng*, 221 F.3d 1082, 1084 (9th Cir. 2000) (holding that the district court did not err by refusing to group "closely related" drug and firearm crimes on the basis of differing societal harms). Because the offenses would not be grouped under Section 3D1.2(d), the state offense is not relevant conduct under Section 1B1.3(a)(2). And because it does not qualify under Section 1B1.3(a)(1) or (a)(3) either, Section 5G1.3 does not apply. As a result, the district court did not err.

Molinar's argument that his sentence is substantively unreasonable also fails. The court observed that Molinar had "engaged in a pattern . . . over ten years of criminal activity that is very significant and involved victims and that frankly made [Molinar] a danger to the community," that "[t]he record shows [Molinar has] five prior felony convictions" and a "whole host of other misdemeanors," and that selling ammunition and possessing ammunition is a serious offense (and that it was not the first time Molinar had committed this offense). Taking these factors into consideration, the district court did not abuse its discretion in imposing Molinar's sentence. *See Gall v. United States*, 552 U.S. 38, 51 (2007). Nor is it clear that the court intended to credit Molinar more than the two months remaining on his state court sentence.

**AFFIRMED.**

3